F I L E D
United States Court of Appeals
Tenth Circuit

APR 18 2005

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KENNETH ARNETT JONES,

Petitioner-Appellant,

v.

RANDALL G. WORKMAN,

Respondent-Appellee.

No. 04-5130
(Northern District of Oklahoma)
(D.C. No. 01-CV-355-E)

**ORDER**

Before **LUCERO**, **BRISCOE**, and **MURPHY**, Circuit Judges.

Proceeding *pro se*, Kenneth Arnett Jones seeks a certificate of appealability

("COA") from this court so he can appeal the district court's denial of his 28

U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no

appeal may be taken from a final order disposing of a § 2254 petition unless the

petitioner first obtains a COA). Because Jones has not "made a substantial

showing of the denial of a constitutional right," this court **denies** his request for a

COA and **dismisses** this appeal. *Id*. § 2253(c)(2).

After a jury trial, Jones was convicted of one count of Possession of a

Controlled Dangerous Substance, in violation of Okla. Stat. tit. 63, § 2-402 and

was sentenced to ninety-nine years' incarceration.  *See* Okla. Stat. tit. 21, §

51.1(4)(B).  Jones appealed his conviction and sentence, raising the following six

arguments: (1) compulsion of defense counsel to try two cases in quick succession

warranted reversal of the conviction; (2) the evidence was insufficient to support

the conviction, (3) the trial court erred in admitting evidence in which the chain

of custody had not been established, (4) the trial court erroneously amended the

charge after it partially sustained a motion for directed verdict, (5) the

instructions erroneously directed a verdict on an element of the crime charged,

and (6) prosecutorial misconduct warranted reversal of the sentence.  Jones'

conviction and sentence, however, were affirmed on direct appeal by the

Oklahoma Court of Criminal Appeals ("OCCA") in an unpublished summary

opinion.

Proceeding *pro se*, Jones then filed a state petition seeking collateral

review.  In his post-conviction petition, Jones raised the following issues: (1) the

trial court erred in failing to grant a new petit jury panel, (2) trial counsel was

ineffective for failing to call a potentially exculpatory witness, (3) appellate

counsel was ineffective for failing to raise several issues on appeal, and (4)

appellate counsel labored under a conflict of interest because appellate counsel

and trial counsel were both employed by the Tulsa County Public Defender's

Office. The state district court denied Jones' petition for post-conviction relief and the OCCA affirmed the denial in an unpublished order.

Jones filed the instant § 2254 habeas petition on May 16, 2001. In his petition, Jones raised all six issues he presented to the OCCA on direct appeal together with the ineffective assistance of appellate counsel and conflict-of-interest claims that he raised in his state post-conviction petition. The district court addressed each claim. The court concluded that, to the extent Jones' claims involved only allegations of state law error, the claims were not cognizable in a federal habeas corpus proceeding. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). However, to the extent those claims also implicated Jones' constitutional rights, the court analyzed their merits and concluded that Jones was not entitled to relief because, even assuming error, Jones failed to demonstrate that his trial was rendered fundamentally unfair. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 642-48 (1974); *Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002).

The district court then reviewed the constitutional claims that were previously adjudicated by the Oklahoma state courts. Applying the standard set forth in the Antiterrorism and Effective Death Penalty Act, the district court concluded that the state courts' adjudication of those claims was not contrary to, nor an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d). Finally, the district court concluded that Jones' claims of ineffective

assistance of appellate counsel were procedurally defaulted in Oklahoma state court because he failed to set forth facts sufficient to support them. The district court determined that Jones failed to show cause for the default and actual prejudice or that the failure to review his claims would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

This court cannot grant Jones a COA unless he can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether Jones has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1040 (2003). Jones is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Jones' application for a COA and appellate brief, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes that Jones is not entitled to a COA. The district court's resolution of Jones' claims is not

reasonably subject to debate and the claims are not adequate to deserve further proceedings. Accordingly, Jones has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** Jones' request for a COA and **dismisses** this appeal.

Entered for the Court
PATRICK FISHER, Clerk of Court

By
     Deputy Clerk